UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Ira R. Deiches, Esquire (NJ ID #013941976)
**DEICHES & FERSCHMANN**
25 Wilkins Avenue
Haddonfield, NJ 08033
(856) 428-9696
ideiches@deicheslaw.com
Attorneys for Debtors

In Re:

JOHN M. ALBANO and GRACE M. ALBANO,

Debtors.

Case No. 17-18140

Hon. Christine M. Gravelle, U.S.B.J.

Chapter 11

## INDIVIDUAL DEBTORS' CHAPTER 11 COMBINED PLAN
## OF REORGANIZATION AND DISCLOSURE STATEMENT

This Combined Plan of Reorganization and Disclosure Statement is presented to you to inform you of the proposed Plan for restructuring the debt of John M. Albano and Grace M. Albano (the "Albanos," "John" and/or "Grace," or "Debtors," as contextually appropriate) and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE ADEQUACY OF THE DISCLOSURES MADE IN THIS DOCUMENT, OR YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, YOU MUST DO SO BY [OBJECTION DATE/TIME].**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY OCTOBER    . 2017.    THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS:**

> **Deiches & Ferschmann, A Professional Corporation**
> **25 Wilkins Avenue**
> **Haddonfield, NJ 08033**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR NOVEMBER    , 2017, IN COURTROOM No. 3, AT THE CLARKSON S. FISHER U.S. COURTHOUSE, 402 EAST STATE STREET, TRENTON, NJ 08608.**

Your rights may be affected by this Combined Plan and Disclosure Statement. You should consider discussing this document with an attorney.

September 29, 2017

Ira R. Deiches, Esquire
DEICHES & FERSCHMANN
A Professional Corporation.
25 Wilkins Avenue
Haddonfield, NJ 08033
(856)428-9696
ideiches@deicheslaw.com

## TABLE OF CONTENTS

**SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS** ..................4

**ARTICLE 1:  BACKGROUND OF THE DEBTOR** ....................................................5-8

**ARTICLE 2:  THE PLAN** ........................................................................................8-14

**ARTICLE 3:  FEASIBILITY OF THE PLAN** ........................................................14-15

**ARTICLE 4:  LIQUIDATION VALUATION** .............................................................15

**ARTICLE 5:  DISCHARGE.** ........................................................................................15

**ARTICLE 6:  GENERAL PROVISIONS** ..............................................................15-16

**ARTICLE 7:  ATTACHMENTS** ...........................................................................16-17

**ARTICLE 8:  FREQUENTLY ASKED QUESTIONS** ..........................................17-18

**ARTICLE 9:  DEFINITIONS** ...............................................................................18-21

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

While the Plan's treatment of Administrative Expenses and fees of Debtors' Chapter 11 case, treatment of Priority Tax Claims, if any, and the treatment of the secured and unsecured Claims of Creditors will be detailed more fully below, this summary is provided to give you a concise "snapshot" of the pertinent terms of Debtors' Plan.

Proposed Treatment of Administrative Expenses:  Administrative Expenses for fees, costs or expenses of administering Debtors' Chapter 11 case, once determined or allowed, will be paid on the Effective Date of the Plan, January 2, 2018 (the "Effective Date"), a date chosen in expectation that the Order confirming Debtors' Plan will have earlier become final, unless a particular Claimant agrees to a different treatment.  In this case, Administrative Expenses and fees shall include compensation due to Debtors' attorneys, Deiches & Ferschmann, A Professional Corporation, and Debtors' accountants, Rosenberg & Manente, PLLC, and any unpaid statutory fees owed to the United States Trustee.  Debtors are current in the payment of their ordinary household expenses and post-Petition obligations, and will continue to pay those expenses and debts according to their terms.

Proposed Treatment of Priority Tax Claims:  Priority Tax Claims are certain unsecured income, employment and other taxes described by Section 507(a)(8) of the U.S. Bankruptcy Code and are required to be paid in full in deferred cash payments over a period not exceeding five (5) years from the commencement of Debtors' Chapter 11 case on April 21, 2017 (the "Petition Date").  On May 16, 2017, Internal Revenue Service ("IRS") filed a Proof of Claim detailing a Priority Tax Claim of $30,841.27.  Under the Plan, Debtors will satisfy this Priority Tax Claim, with allowable statutory interest, in consecutive quarterly installments over a period of four (4) years commencing on the Effective Date.

Proposed Treatment of Secured Claim(s):  In its Proof of Claim, IRS asserted a secured claim of $577,731.93.  On May 10, 2017, Ally Financial filed a Proof of Claim asserting a secured claim of $14,681.24, relating to John's financing of a 2014 Jeep Wrangler.  Under the Plan, the IRS's secured claim, with allowable statutory interest, shall be paid in consecutive quarterly installments over a period of four (4) years commencing on the Effective Date.  John has been making ordinary monthly installment payments to Ally Financial in connection with his vehicle financing and shall continue to do so until Ally Financial's secured claim is fully paid.

Proposed Treatment of Unsecured Claims:  The Plan identifies a Class of all of Debtors' unsecured Claims.  The unsecured Claims that constitute this Class under the Plan, whether scheduled by Debtors or filed by Creditors, to the extent remaining unpaid, and subject to objections that may be sustained, total $22,296.73.  Under the Plan, all allowed unsecured Claims will be paid in full, without interest, in quarterly installments over a period of four (4) years commencing on the Effective Date.

At all times, John and Grace shall retain their assets and continue to manage their financial affairs.

4

## ARTICLE 1
## BACKGROUND OF THE DEBTORS

### 1.1. Filing of the Debtors' Chapter 11 Case.

On April 21, 2017, Debtors filed their voluntary petition for relief under the Bankruptcy Code. The Chapter 11 case is pending in the Bankruptcy Court in Trenton, New Jersey.

### 1.2. All Sources of the Debtors' Income.

Debtors' income is represented by John's earnings from his employer, Graphic Visions Group, Inc. ("GVG").

### 1.3. Past, Current and Projected Income and Expenses.

    A.   Past Income.

Debtors' gross annual income during each of calendar years 2015 and 2016 was $830,765.00, representing John's earnings from GVG.

    B.   Current Income.

Debtors' Amended Schedules I and J, reflecting their income and expenses as of the Petition Date, are attached and are summarized as follows:

| | |
|---|---|
| Total Net Monthly Income: | $    41,632.86 |
| Total Monthly Expenses: | $    14,819.00 |

    C.   Projected Income and Expenses.

Debtors do not anticipate any material change in John's income over the course of the Chapter 11 Plan. Debtors' expenses, however, have increased to approximately $22,000.00 per month.

    D.   Where the Debtor is/was self-employed, or has/had an interest in a business in the last two years, provide the following information:

        1.   Business Name: Graphic Visions Group, Inc.
        2.   Nature of Business: Graphic Design
        3.   Business Type: Corporation
        4.   Debtor's percentage of ownership interest (John): 16.60%

Debtors suggest a value of John's net equity in GVG at $361,050.00.

### 1.4. Debtors' Assets.

Debtors' assets as of the Petition Date are reflected on their Schedules A/B, attached. (Debtors' cash on hand and deposits in banks have changed since the Petition Date, with the closing of Debtors'

pre-Petition bank accounts and the establishment of Debtors' DIP account more fully described elsewhere in this Disclosure Statement.)

### 1.5. Debtors' Liabilities.

As described earlier, Debtors recognize a secured Claim of IRS, secured by all of Debtors' assets, including John's interest in GVG, in the sum of $577,731.83.  Debtors also recognize the secured claim of Ally Financial, secured by the title to John's 2014 Jeep Wrangler, at $14,681.24 as of the Petition Date, or shortly thereafter, but subject to reduction through John's ordinary monthly payments during this case as required by the terms of this vehicle's financing.

As noted earlier, Debtors recognize a priority claim asserted by IRS of $30,841.27, and recognize unsecured claims of $22,296.73.

### 1.6. Other Relevant Financial Data.

Debtors intend to maintain their household and fully pay their budget expenses from John's continued earnings from GVG.

### 1.7. Events Leading to the Filing of the Bankruptcy Case.

The Albanos are a married couple residing at rented premises at 111 Hunt Road, Freehold, New Jersey.  Their former owned residence at 12 Greentree Court, Howell, New Jersey, was lost through their mortgage lender's foreclosure, resulting in a Sheriff's sale of that property conducted on March 27, 2017.

Now 53 years old, John was born on February 19, 1964, in New York.  After completing high school, John started working as an apprentice for an art studio, leaving that position after sixteen years to open his own business in January of 2000.  That business, Graphic Visions Group, Inc., is currently still in operation.  John holds a 16.60% equity interest in that business and derives his income from his earnings there.

Grace, now 52 years of age, was born October 13, 1964, in New York.  She attended the same Catholic grammar school as John, and then attended a communication and arts high school.  Grace worked at multiple personnel jobs before marrying John and starting their family.

Grace and John met in grammar school, started dating in 1981, were married in 1987, and have four children.  With the arrival of the Albanos' children, Grace never returned to work outside the home, focusing her energy and attention on her family and assisting John in the growth of GVG.  Grace relied upon the financial support provided by John as Grace's sole source of income prior to and during the pendency of this case.

After its establishment in 2000, GVG operated successfully and profitably for four years.  At the end of that period, the business brought two additional equity holders, diluting the company's finances through the addition of new salary requirements.  At the same time, the Albanos suffered a financial setback when their oldest son became victimized by substance abuse.  Long-term rehabilitations, treatment expenses, and legal expenses associated with the substance abuse followed, draining the family's finances.  The Albanos' goal of providing a stable and comfortable home environment for themselves and their children was frustrated further when they discovered that their younger son was burdened with similar substance abuse issues, resulting in similar additional associated expenses.

During this period of family financial upheaval, GVG suffered a dramatic loss with the departure of a leading sales representative, resulting in GVG's top-line loss of over $1 million.

6

As a result, the earnings of the company's principals, including John, were reduced, and cut again when the company incurred $2 million in relocation costs.

John and Grace have tried to live the "American Dream" that we all share, enjoying the financial resources to provide a good life for themselves and their children. Realizing that dream became more challenging when John was advised by a new accountant/advisor that John had accrued phantom income from the early years of the business operation, resulting in a tax liability that has followed John to this day.

Caring for the special needs of their two sons, and the typical needs and requirements of their two daughters, the Albanos found themselves needing to address the substantial tax liability owing to IRS. Maintaining the family's Howell, New Jersey residence became impracticable, resulting in the loss of that property through foreclosure. Recognizing the need to address the tax liabilities owed to IRS and the claims of other creditors, John and Grace sought financial reorganization under Chapter 11.

### 1.8.   Significant Events During the Bankruptcy Case.

The following is a chronological list of significant events which have occurred during this case:

This case was commenced on April 21, 2017.

No Official Committee of Unsecured Creditors was formed.

On August 16, 2017, Debtors filed a motion to disallow and fix at zero ($0.00) dollars any claim of HSBC Bank USA, N.A., as Trustee of J. P. Morgan Alternative Loan Trust 2007-A1, Mortgage Pass-Through Certificates, Series 2007 - A1 ("HSBC"), Debtors' former mortgagee.

On September 19, 2017, an Order was entered granting Debtors' motion, disallowing any claim of HSBC in its entirety.

On September 1, 2017, HSBC filed a motion for relief from the automatic stay, seeking to conclude all proceedings related to the lender's action to foreclose its mortgage encumbering the Debtors' Howell, New Jersey former residence. Debtors filed no opposition to that motion.

HSBC's motion is scheduled for consideration on October 17, 2017.

No other motions, contested matters, adversary proceedings, or other proceedings have been filed to date.

The Court has approved the employment of the following professionals:

By Order entered May 15, 2017, the Court approved Debtors' retention of Deiches & Ferschmann, A Professional Corporation, as Debtors' attorneys.

By Order entered May 19, 2017, the Court approved Debtors' retention of Rosenberg & Manente, PLLC,, as Debtors' accountants.

No other applications for the retention of other professionals have been submitted and none are contemplated.

.

Currently, there are no other adversary proceedings or motions pending.

In an effort to remedy the problems that led to the bankruptcy filing, and with the stabilization of Debtors' family affairs and John's continued employment by GVG, Debtors' have enjoyed a healthy income stream sufficient to allow them to stay current on all of their household expenses and to project full payment of all allowed expenses of administration, secured Claims, priority Claims, and unsecured Claims under the Plan.

### 1.9.   Projected Recovery of Avoidable Transfers.

Debtors do not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

## ARTICLE 2
## THE PLAN

The Debtors' Plan must describe how their Creditors will be paid. Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims is impaired or unimpaired. A Claim can be impaired if the Plan alters the legal, equitable or contractual rights to which the holder of the Claim is otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan.  A class that is not impaired is deemed to accept the Plan.

### 2.1.   Unclassified Claims.

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class:

A.   Administrative Expenses

Debtors must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1.    If Debtors makes any purchases or obtains any services following their filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided. This debt incurred by Debtors after the Petition Date will be paid on an ongoing basis in accordance with the ordinary practices and terms between Debtors and their Creditors.

2.    If Debtors received goods they have purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

The following chart lists the Debtors' estimated Administrative Expenses (excluding fees and expenses owed to professionals retained by the Debtor during the course of their bankruptcy proceedings), and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | TBD | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Administrative Tax Claim | None | |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | None | |
| Clerk's Office fees | TBD | Paid in full on the Effective Date. |
| Other Administrative Expenses | TBD | Paid in full on the Effective Date or according to separate written agreement. |
| United States Trustee Fees[1] | TBD | Paid in full on the Effective Date. |
| TOTAL | | |

3.    Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to Debtors during the course of the Chapter 11 case. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment.

The following chart lists the Debtors' estimated fees and expenses owed to professionals and their proposed treatment under the Plan:

---

[1]    All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

| Name/Role of Professional | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Deiches & Ferschmann, A Professional Corporation Attorneys | $7,500.00 ($1,945.64 of which will be funded by retainer on hand) | Paid in full on the Effective Date, or according to separate written agreement. |
| Rosenberg & Manente, PLLC Accountants | $4,000.00 | Paid in full on the Effective Date, or according to separate written agreement. |
| TOTAL | $11,500.00 | |

B.    Priority Tax Claims.

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid [with interest as determined by applicable non-bankruptcy law] over a period not exceeding 5 years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue Service | $30,841.27 | Per 2016 Form 1040 April 17, 2017 | Paid in full in consecutive quarterly installments over forty-eight (48) months following the Effective Date. |

## 2.2    Classes of Claims.

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

A.    Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under §506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim; provided, however, that Debtors may not modify a claim secured by a security interest in real property that is his or her principal residence.

Secured Claims are subject to the following treatments:

### 1. Ally Financial: Continue Regular Monthly Payments and Pay Arrears Over Time

Debtors will pay the entire amount due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys' fees and late charges) with interest. Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as Debtors are not in material default in performing their obligations under the Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

### 2. IRS: Pay Amount Due in Full Over Time

Debtors will pay the entire amount due with interest through equal quarterly payments. Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as Debtors are not in material default in performing their obligations under the Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

The following chart lists all classes containing Debtors' secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| 1A | Ally Financial | No | Yes<br><br>The member of this class is entitled to vote on the Plan. | John will pay the entire amount due to Ally Financial on its vehicle financing loan by making all post-confirmation regular monthly payments and by paying any pre-confirmation arrears with interest. Ally Financial may not repossess or dispose of the financed 2014 Jeep Wrangler so long as John is not in material default in performing his obligations under the Plan. |
| 1B | IRS | No | Yes.<br><br>The member of this class is entitled to vote on the Plan. | Debtors have agreed to recognize and allow IRS a secured claim in the sum of $577,731.93 to be satisfied in consecutive quarterly installments over 48 months following the Effective Date, with IRS's retention of its lien until the secured claim and applicable interest are fully paid. surrender collateral securing this Claim. |

B.   Classes of Priority Unsecured Claims.

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| None | | | |

     C.   Classes of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of Class 2, which contains general unsecured Claims against Debtors:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2 | This Class contains all of Debtors' General Unsecured Claims remaining unpaid, whether scheduled or filed by Creditors. These Claims, subject to objection and final allowance, total $22,296.73. | Yes<br><br>Claims in this Class are entitled to vote on the Plan. | Each holder of an allowed unsecured Claim shall receive full payment on account of his/her/its Claims, without interest, in consecutive quarterly installments over a period of four (4) years commencing on the Effective Date, in full satisfaction of such Claims. |

### 2.3.  Estimated Number and Amount of Claims Objections.

Debtors may object to the amount or validity of any Claim by filing an objection with the Bankruptcy Court before the later of (i) 90 days after the Confirmation Date, or (ii) 30 days after the Claim is properly filed, and serving a copy of the objection on the holder of the Claim. Any Claim that is timely filed and not objected to in accordance with this Section 2.3 shall be deemed allowed. The Claim objected to will be treated as a Disputed Claim under the Plan. If a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, Debtors will pay the Allowed Claim in accordance with the Plan.

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|---|---|---|
| None | | |

### 2.4.  Treatment of Executory Contracts and Unexpired Leases.

Executory Contracts are contracts where significant performance of the contract remains for both Debtors and another party to the contract. The Debtors have the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval. The paragraphs below explain the Debtors' intentions regarding their Executory Contracts (which include unexpired leases) and the impact such intentions would have on the other parties to the contracts.

The Executory Contracts shown on Exhibit A shall be assumed by Debtors. Assumption means that Debtors have elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any. Exhibit A also lists how Debtors will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court has set an earlier time.

Debtors intend to assume their unexpired lease of the residential property at 111 Hunt Road, Freehold, New Jersey, with Anthony and Domenica Greco.

### 2.5.    Means for Implementation of the Plan.

The Plan will be funded by cash flow generated by John's continued employment with GVG in the ordinary course.

On Confirmation of the Plan, all property of the Debtors, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to Debtors. Debtors expects to have sufficient cash on hand to make the payments required on the Effective Date.

As provided in Paragraph 2.1 of this Combined Plan and Disclosure Statement, all United States Trustee Fees accrued prior to the Effective Date shall be paid in full, on or before the Effective Date, by the Debtors. All United States Trustee Fees which accrue post-Effective Date shall be paid in full on a timely basis by Debtors prior to Debtors' case being closed, converted or dismissed.

Debtors believe that they will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date. A Table showing the amount of cash on hand on the Effective Date of the Plan, generated by John's continued employment by GVG, is attached hereto as Exhibit B.

Overall, the Plan will be funded through Debtors' cash available on the date of the Plan confirmation hearing, supplemented by additional cash generated by John's employment between the date of the confirmation heating and the Effective Date of the Plan, and additional cash from projected disposable income following the Effective Date.

### 2.6.    Disbursing Agent.

Distributions to Creditors provided for in this Plan will be made by John.

### 2.7.    Tax Consequences of the Plan.

The following are the anticipated tax consequences of the Plan: Debtors do not anticipate incurring additional tax debt as a result of confirmation of the Plan or thereafter. As a result of the bankruptcy, any debt discharged will not give rise to a taxable event. Creditors will not be entitled to issue a Form 1099-C to Debtor. Creditors who are able to enjoy some tax benefit by writing off

"bad" or uncollectible debts may be able to realize such benefit to the extent their unpaid balances exceed distributions to be made under the Plan.

### 2.8.    Risk Factors/Mitigating Factors.

The risk of Debtors' not being able to consummate the Plan is determined by John's ability to generate sufficient disposable income from his employment with GVG to fund ordinary household expenses and the payments required under the Plan.  John's equity interest and his talent contributed to GVG's graphic design clients mitigate such risks.

### ARTICLE 3
### FEASIBILITY OF PLAN

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of Debtors, unless such liquidation or reorganization is proposed in the Plan.

### 3.1.    Ability to Initially Fund Plan.

Debtors, as Plan Proponents, believe that they will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.  A Table showing the amount of cash on hand on the Effective Date of the Plan generated by John's continued employment by GVG, and the amount of cash needed on the Effective Date of the Plan, is attached hereto as Exhibit B.

### 3.2.    Ability to Make Future Plan Payments Without Further Reorganization.

Debtors, as Plan Proponents, must also show that there will be enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponents have provided projected financial information. The table attached as Exhibit C reflects Debtors' budget during this case and levels projected to apply during the Plan period.

Debtors', as Plan Proponents, financial projections show the following financial circumstances after confirmation:

| | | |
|---|---|---|
| Debtors' Projected Net Monthly Income: | | $ 41,632.86 |
| Debtors' Projected Monthly Expenses: (exclusive of plan payments to pre-petition creditors) | | 22,000.00 |
| Net Monthly Income Available for Plan Payments: | | 19,632.86 |
| Plan Payments: | Time Period | Amount |
| To Secured Creditor (IRS): | Quarterly | $ 39,135.00 |

| To Priority Creditor (IRS): | Quarterly | 2,088.00 |
| To Unsecured Creditors: | Quarterly | 1,393.54 |
| Anticipated Date for Final Plan Payment; | | September 30, 2021 |

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

## ARTICLE 4
## LIQUIDATION VALUATION.

To confirm the Plan, the Bankruptcy Court must find that all Creditors who do not accept the Plan will receive at least as much under the Plan as such Creditors would receive in a Chapter 7 liquidation. A liquidation analysis is attached hereto as Exhibit D.

## ARTICLE 5
## DISCHARGE.

### 5.1.   Discharge;

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 6
## GENERAL PROVISIONS.

### 6.1.   Title to Assets.

Except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in Debtors, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims of Creditors of Debtors.

### 6.2.   Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind Debtors and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### 6.3.   Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**6.4.     Retention of Jurisdiction by the Bankruptcy Court.**

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of Debtors, including preference and fraudulent transfer causes of action.

**6.5.     Captions.**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**6.6.     Modification of Plan.**

The Plan Proponents may modify the Plan at any time before confirmation of the Plan. However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan.

Upon request of the Debtors, the United States Trustee, or the holder of an Allowed Unsecured Claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a Creditor whose Claim is provided for by the Plan to the extent necessary to take account of any payment of the Claim made other than under the Plan.

**6.7.     Final Decree.**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponents, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

**6.8     Material Default Defined.**

If Debtors fail to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 14 days after the time specified in the Plan, the affected Creditor may serve upon Debtors and Debtors' attorney, a written notice of default. Debtors are in material default under the Plan if Debtors fail within 21 days of service of such notice of default, plus three additional days if served by mail, either: (i) to cure the default; or (ii) to obtain from the Bankruptcy Court an extension of time to cure the default or a determination that no default occurred.

## ARTICLE 7
## ATTACHMENTS

The following documents accompany the Combined Plan and Disclosure Statement:

[ x ]    Debtors' Assets at the Petition Date..
[   ]    Debtors' Liabilities, annexed as Exhibit _____.
[ x ]    Debtors' financial projections over the course of the plan, annexed as Exhibit C.
[   ]    Debtors' most recent financial statements issued before bankruptcy, annexed as Exhibit __.
[   ]    Debtors' most recent post-petition operating report filed since the commencement of
         Debtors' bankruptcy case, annexed as Exhibit ___.
[   ]    Summary of Debtors' periodic operating reports filed since the commencement of Debtors'
         bankruptcy case, annexed as Exhibit ___.
[ x ]    Executory Contracts and Unexpired Leases to be Assumed, annexed as    Exhibit A.
[   ]    Executory Contracts and Unexpired Leases to be Assumed and Assigned, annexed as
         Exhibit ___.
[   ]    Executory Contracts and Unexpired Leases to be Rejected, annexed as    Exhibit ___.
[ x ]    Tables showing the amount of cash on hand as of the Effective Date, and the sources of that
         cash, annexed as Exhibit B.
[ x ]    Liquidation Analysis, annexed as Exhibit D.
[   ]    Up-to-date Schedule I.
[   ]    Up-tp-date Schedule J.

## ARTICLE 8
## FREQUENTLY ASKED QUESTIONS

**What Are the Debtors Attempting to Do in Chapter 11?**    Chapter 11 is the principal
reorganization chapter of the Bankruptcy Code. Under Chapter 11, a debtor attempts to restructure the
claims held against him/her/it. Formulation and confirmation of a plan of reorganization is the primary
goal of Chapter 11. When reorganization is not feasible, however, a debtor may propose a liquidating
plan under Chapter 11. The plan is the legal document which sets forth the manner and the means by
which holders of claims against a debtor will be treated.

**If the Plan of Reorganization Is the Document That Governs How a Claim Will Be Treated,
Why Am I Receiving This Combined Plan and Disclosure Statement?**    In order to confirm a plan
of reorganization, the Bankruptcy Code requires that a debtor solicit acceptances of a proposed plan,
which Debtors are doing with this Combined Plan and Disclosure Statement. If the Creditors are
satisfied with the information provided in the Plan and the terms of the Plan as proposed, and have voted
for the Plan and returned the requisite number of ballots to counsel for the Debtors, the Bankruptcy
Court may confirm the Plan as proposed by Debtors.

**How Do I Determine Which Class I Am In?**    To determine the Class of your Claim or interest,
you must first determine whether your Claim is secured or unsecured. Your Claim is secured if you have
a validly perfected security interest in collateral owned by Debtors. If you do not have any collateral,
your Claim is unsecured. The Table of Contents will direct you to the treatment provided to the Class in
which you are grouped. The pertinent section of the Plan dealing with that Class will explain, among
other things, who is in that Class, what is the size of the Class, what you will receive if the Plan is
confirmed, and when you will receive what the Plan has provided for you if the Plan is confirmed.
Paragraph 2.2 lists all Classes of claimants and their types of Claims.

**Why Is Confirmation of a Plan of Reorganization Important?**    Confirmation of the Plan is
necessary because if the Plan is confirmed, Debtors and all of their Creditors are bound by the terms of
the Plan. If the Plan is not confirmed, Debtors may not pay Creditors as proposed in the Plan while
Debtors remain in bankruptcy.

**What Is Necessary to Confirm a Plan of Reorganization?**    Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds in total dollar amount and a majority in number of Claims actually voting in each voting Class. If the vote is insufficient, the Bankruptcy Court can still confirm the Plan, but only if certain additional elements regarding the ultimate fairness of the Plan to the Creditors are shown.

**Am I Entitled to Vote on the Plan?**    Any Creditor of the Debtors whose Claim is IMPAIRED under the Plan is entitled to vote, if either (i) the Creditor's Claim has been scheduled by Debtors and such Claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the Creditor has filed a proof of claim on or before the last date set by the Bankruptcy Court for such filings. Any Claim to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy Court temporarily allows the Creditor to vote upon the Creditor's motion. Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How Do I Determine Whether I Am in an Impaired Class?**    Paragraph 2.2 of the Plan identifies the Classes of Creditors whose Claims are impaired. If your Claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I Need to Return My Ballot?**    The Plan is being distributed to all Claim holders for their review, consideration and approval. The deadline by which ballots must be returned is _____. Ballots should be mailed to the following address:

Ira R. Deiches, Esquire
DEICHES & FERSCHMANN, A Professional Corporation.
25 Wilkins Avenue
Haddonfield, NJ 08033

**How Do I Determine When and How Much I Will Be Paid?**    In Paragraph 2.2, Debtors have provided both written and financial summaries of what they anticipate each Class of Creditors will receive under the Plan.

## ARTICLE 9
## DEFINITIONS

**9.1.**    The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan. The definitions that follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the Code.

**9.2.    Administrative Claimant:** Any person entitled to payment of an Administration Expense.

**9.3.    Administrative Convenience Class:** A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

**9.4.    Administrative Expense:**    Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the Code,

18

including without limitation, any actual and necessary expenses of preserving Debtors' estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against any of the Debtor's estates under Chapter 123, Title 28, United States Code.

**9.5   Administrative Tax Claim:**   Any tax incurred pursuant to Section 503(b)(1)(B) of the Code.

**9.6.   Allowed Claim:**   Any claim against Debtors pursuant to Section 502 of the Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by Debtors, and (b) as to which either (i) a party in interest, including Debtors, does not timely file an objection, or (ii) is allowed by a Final Order.

**9.7.   Allowed Priority Tax Claim:**   A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which Debtors shall be entitled on the Confirmation Date.

**9.8.   Allowed Secured Claim:**   Allowed Secured Claims are claims secured by property of Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under §506 of the Code

**9.9.   Allowed Unsecured Claim:**   An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which Debtors shall be entitled on the Confirmation Date.

**9.10.   Bankruptcy Code or Code:**   The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**9.11.   Bankruptcy Court:**   The United States Bankruptcy Court for the District of New Jersey.

**9.12.   Bankruptcy Rules:**   The Federal Rules of Bankruptcy Procedure.

**9.13.   Cash:**   Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than Debtors, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**9.14.   Chapter 11 Case:**   This case under Chapter 11 of the Bankruptcy Code in which John M. Albano and Grace M. Albano are Debtors.

**9.15.   Claim:**   Any "right to payment from the debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

**9.16.   Class:**   A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17.  Committee:**    Any Committee of Creditors appointed by the United States Trustee in the Chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**9.18.  Confirmation:**    The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19.  Confirmation Date:**    The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20.  Confirmation Hearing:**    The hearing to be held on _____, 2017, to consider confirmation of the Plan.

**9.21.  Confirmation Order:**    An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**9.22.  Creditor:**    Any person who has a Claim against Debtors that arose on or before the Petition Date.

**9.23.  Debtor** and **Debtor-in-Possession:**    John M. Albano and Grace M. Albano, the Debtors-in-possession in this Chapter 11 Case.

**9.24.  Disclosure Statement:**  The Disclosure Statement served by the Plan Proponent in connection with this Plan.

**9.25  Disputed Claim:**    Any claim against Debtors pursuant to Section 502 of the Code that Debtors have in any way objected to, challenged or otherwise disputed.

**9.26.  Distributions:**    The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.27.  Effective Date:**  January 2, 2018

**9.28.  Executory Contracts:**    All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.29.  Final Order:**    An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**9.30.  IRC:**    The Internal Revenue Code

**9.31.  Petition Date:**    April 21, 2017, the date the Chapter 11 petition for relief was filed.

**9.32.  Plan:**    This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

**9.33.  Plan Proponent:**    The individual or entity that has filed this Combined Plan and Disclosure Statement.

**9.34.  Priority Tax Claim**:     Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**9.35.  Reorganized Debtors**:     Debtors after the Effective Date.

**9.36.  Schedules**:     Schedules and Statement of Financial Affairs, as amended, filed by Debtors with the Bankruptcy Court listing liabilities and assets.

**9.37.  Secured Creditor**:     Any Creditor that holds a Claim that is secured by property of Debtors.

**9.38.  Unsecured Creditor**:     Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

Respectfully submitted,
DEICHES & FERSCHMANN
A Professional Corporation
Attorneys for Debtors

By:_____
Ira R. Deiches, Esquire

## EXHIBIT A

### **Executory Contracts and Unexpired Leases to be Assumed by Debtors**

Debtors intend to assume their unexpired lease of the residential property at 111 Hunt Road, Freehold, New Jersey, with Anthony and Domenica Geco.

EXHIBIT B

**Cash on hand on the Effective Date**

| | |
|---|---|
| Cash on hand on the Effective Date: | $ 138,000.00 |

Less –

| | |
|---|---|
| Amount of Administrative Expenses payable on effective date of Plan | $ 9,555.00 |
| Amount of statutory costs and charges | $ 0.00 |
| Amount of cure payments for executory contracts | $ 0.00 |
| Other Plan Payments due on Effective Date | $ 42,616.54 |
| Balance after paying these amounts........ | $ 85,828.46 |

The sources of the cash the Debtor will have on hand by the Effective Date are estimated as follows:

| | |
|---|---|
| $ 90,000.00 | Cash in the Debtor's bank account now |
| +$ 48,000.00 | Additional cash Debtor will accumulate from net earnings between now and Effective Date [state the basis for such projections] |
| + | Borrowing [state separately terms of repayment] |
| + | Capital Contributions |
| + | Other |
| $138,000.00 | Total [This number should match "cash on hand" figure noted above] |

23

EXHIBIT C

**Debtors' Budget During Chapter 11 Case,Projected to Go Forward During the Plan**

| | | | | Jan 17 | Feb 17 | Mar 17 | Apr 17 | May 17 | Jun 17 | Jul 17 | Aug 17 | Sep 17 | Oct 17 | Nov 17 | Dec 17 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ordinary Income/Expense | | | | | | | | | | | | | | | | |
| | Income | | | | | | | | | | | | | | | |
| | | Employment Income | | 0.00 | 0.00 | 0.00 | 0.00 | 57,449.48 | 47,603.42 | 45,099.20 | 37,017.41 | 37,017.41 | 46,271.76 | 37,017.41 | 37,017.41 | 344,493.50 |
| | | From previous bank accounts | | 0.00 | 0.00 | 0.00 | 6,641.96 | 172.83 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,814.79 |
| | Total Income | | | 0.00 | 0.00 | 0.00 | 6,641.96 | 57,622.31 | 47,603.42 | 45,099.20 | 37,017.41 | 37,017.41 | 46,271.76 | 37,017.41 | 37,017.41 | 351,308.29 |
| | Expense | | | | | | | | | | | | | | | |
| | | Auto Insurance | | 0.00 | 0.00 | 0.00 | 0.00 | 572.49 | 562.49 | 562.49 | 1,124.84 | 562.00 | 562.00 | 562.00 | 562.00 | 5,070.31 |
| | | Auto/Local Transportation | | 0.00 | 0.00 | 0.00 | 0.00 | 723.94 | 2,863.28 | 2,186.77 | 1,330.49 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 13,104.48 |
| | | Bank Service Charges | | 0.00 | 0.00 | 0.00 | 0.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 25.00 |
| | | Bankruptcy Fee | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 650.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 650.00 |
| | | Clothing/Personal Care | | 0.00 | 0.00 | 0.00 | 0.00 | 1,456.89 | 2,781.37 | 3,292.78 | 4,769.75 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 26,300.79 |
| | | Donations | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 125.00 | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 225.00 |
| | | Education | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12,338.00 | 0.00 | 600.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12,938.00 |
| | | Food and Sundries | | 0.00 | 0.00 | 0.00 | 0.00 | 2,061.75 | 6,099.15 | 13,346.36 | 12,702.30 | 10,000.00 | 10,000.00 | 10,000.00 | 12,500.00 | 76,709.56 |
| | | Gifts | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,550.00 | 200.00 | 340.00 | 500.00 | 500.00 | 500.00 | 5,000.00 | 8,590.00 |
| | | Household Goods | | 0.00 | 0.00 | 0.00 | 0.00 | 2,130.68 | 2,244.76 | 487.39 | 898.53 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 11,761.36 |
| | | Medical | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,162.78 | 1,491.08 | 265.52 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 7,919.38 |
| | | Rent Expense | | 0.00 | 0.00 | 0.00 | 0.00 | 6,400.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 3,200.00 | 28,800.00 |
| | | Repairs and Maintenance | | 0.00 | 0.00 | 0.00 | 0.00 | 926.00 | 1,138.41 | 1,081.15 | 997.14 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 8,142.70 |
| | | Supplies | | 0.00 | 0.00 | 0.00 | 0.00 | 11.95 | 12.25 | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 44.20 |
| | | Telephone | | 0.00 | 0.00 | 0.00 | 0.00 | 7.00 | 1,064.93 | 688.01 | 785.33 | 750.00 | 750.00 | 750.00 | 750.00 | 5,545.27 |
| | | Travel Expense | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| | | Utilities | | 0.00 | 0.00 | 0.00 | 0.00 | 1,297.76 | 1,152.80 | 44.49 | 904.75 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 7,399.80 |
| | Total Expense | | | 0.00 | 0.00 | 0.00 | 0.00 | 15,613.46 | 37,295.22 | 27,350.52 | 27,938.65 | 24,512.00 | 24,512.00 | 24,512.00 | 31,512.00 | 213,245.85 |
| Net Ordinary Income | | | | 0.00 | 0.00 | 0.00 | 6,641.96 | 42,008.85 | 10,308.20 | 17,748.68 | 9,078.76 | 12,505.41 | 21,759.76 | 12,505.41 | 5,505.41 | 138,062.44 |
| Net Income | | | | 0.00 | 0.00 | 0.00 | 6,641.96 | 42,008.85 | 10,308.20 | 17,748.68 | 9,078.76 | 12,505.41 | 21,759.76 | 12,505.41 | 5,505.41 | 138,062.44 |

Case 17-18140-CMG    Doc 46    Filed 09/29/17    Entered 09/29/17 15:39:45    Desc Main
Document       Page 26 of 36

## EXHIBIT D

### Liquidation Analysis

*Plan Proponent's Estimated Liquidation Value of Assets*

**Assets**

| | |
|---|---|
| a. Cash on hand | $138,000.00 |
| b. Accounts receivable | |
| c. Insurance | |
| d. Furniture | $    5,000.00 |
| e. Machinery & equipment | |
| f. Automobiles | $  24,900.00 |
| g. Building & Land | |
| h. Investment property (such as stocks, bonds or other financial assets) | $361,050.00 |
| i. Lawsuits or other claims against third-parties | |
| j. Other intangibles (such as avoiding powers actions) | |

| ***Total Assets at Liquidation Value*** | ***$504,050.00*** |
|---|---|

**Less:**
Secured Creditors' recoveries (it is expected that the claims of Ally Financial and IRS will exhaust all asset value)    $504,050.00
**Less:**
Chapter 7 trustee fees and expenses (projected for this purpose only, no value expected for payment)    $ 30,000.00
**Less:**
Chapter 11 Administrative Expenses    $   9,555.00
**Less:**
Priority claims, excluding Administrative Expense claims    $ 30,841.27
[**Less:**
Debtor's claimed exemptions]    $ 20,000.00

(1) Balance for unsecured claims    $      0.00

(2) Total dollar amount of unsecured claims    $ 22,296.73

***Percentage of Claims Which Unsecured Creditors Would Receive Or Retain in a Chapter 7 Liquidation:***    _____*0*___ % [Divide (1) by (2)]

***Percentage of Claims Which Unsecured Creditors Will Receive or Retain under the Plan:***    ____100___ %

**Fill in this information to identify your case and this filing:**

Debtor 1    **John M. Albano**
First Name         Middle Name         Last Name

Debtor 2    **Grace M. Albano**
(Spouse, if filing)    First Name         Middle Name         Last Name

United States Bankruptcy Court for the:    **DISTRICT OF NEW JERSEY**

Case number    **17-18140**

■ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                            12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest in**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

■ No. Go to Part 2.
☐ Yes. Where is the property?

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases*.

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

| 3.1 | Make: **Jeep** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|

3.1    Make: **Jeep**
Model: **Wrangler**
Year: **2014**
Approximate mileage:
Other information:

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Current value of the entire property?     **$21,000.00**
Current value of the portion you own?     **$21,000.00**

3.2    Make: **Ford**
Model: **Fiesta**
Year: **2015**
Approximate mileage:    **52000**
Other information:

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Current value of the entire property?     **$3,900.00**
Current value of the portion you own?     **$3,900.00**

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

Debtor 1   **John M. Albano**

Debtor 2   **Grace M. Albano**

Case number *(if known)*   **17-18140**

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here............................................................=>

| $24,900.00 |
|---|

| **Part 3:** | **Describe Your Personal and Household Items** |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe.....

| miscellaneous items of household furnishings and appliances | $5,000.00 |
|---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☑ Yes. Describe.....

| tvs, stereo, phones, ipads, tablets | $1,500.00 |
|---|---|

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☑ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ☑ Yes. Describe.....

| bikes, treadmill, weights, pool table | $1,000.00 |
|---|---|

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☐ No
    ☑ Yes. Describe.....

| Remington shotgun, Smith & Wesson 357 revolver, CZ 9mm, 3030 Winchester shotgun | $800.00 |
|---|---|

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.....

| miscellaneous items of personal clothing | $500.00 |
|---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☑ Yes. Describe.....

| Debtor 1 | John M. Albano | | | |
|---|---|---|---|---|
| Debtor 2 | Grace M. Albano | | Case number *(if known)* | 17-18140 |

| | |
|---|---|
| miscellaneous items of personal jewelry | $500.00 |

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses
  ☐ No
  ■ Yes.  Describe.....

| | |
|---|---|
| 2 dogs and 2 cats as domestic housepets-no market value | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
  ■ No
  ☐ Yes.  Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................ | **$9,300.00**

---

| Part 4: | Describe Your Financial Assets |
|---|---|

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
  ☐ No
  ■ Yes.................................................

| | | |
|---|---|---|
| | Cash | $50.00 |

**17. Deposits of money**
  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
  ☐ No
  ■ Yes........................

Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Checking | TD Bank | $100.00 |
| 17.2. | Checking | Wells Fargo Bank | $1,449.22 |
| 17.3. | Savings | Wells Fargo Bank | $37.50 |

**18. Bonds, mutual funds, or publicly traded stocks**
  *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
  ■ No
  ☐ Yes..................                Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
  ☐ No
  ■ Yes.  Give specific information about them...................
                    Name of entity:                              % of ownership:

---

| Debtor 1 | **John M. Albano** | | | | |
|---|---|---|---|---|---|
| Debtor 2 | **Grace M. Albano** | | | Case number *(if known)* | **17-18140** |

| | | | |
|---|---|---|---|
| **Graphic Visions Group, Inc.** | | **16.67** % | **Unknown** |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   □ Yes. Give specific information about them
           Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   □ Yes. List each account separately.
           Type of account:        Institution name:

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   □ No
   ■ Yes. .....................        Institution name or individual:

| | |
|---|---|
| **Rent and Security deposit  landlord's name goes here** | **$11,200.00** |

23. **Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
   ■ No
   □ Yes.............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   □ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   □ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   □ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   □ Yes. Give specific information about them...

**Money or property owed to you?**   ·

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
   ■ No
   □ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   □ Yes. Give specific information......

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor 1 | John M. Albano |
|----------|----------------|
| Debtor 2 | Grace M. Albano |

Case number *(if known)*   17-18140

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ **No**
☐ **Yes.** Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☐ **No**

■ **Yes.** Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---------------|--------------|----------------------------|
| Term policy payable to John Albano's employer upon John's death-no cash value for estate | Graphic Visions Group, Inc. | $0.00 |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ **No**
☐ **Yes.** Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ **No**
☐ **Yes.** Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ **No**
☐ **Yes.** Describe each claim.........

**35. Any financial assets you did not already list**

■ **No**
☐ **Yes.** Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here................................................................................................................ | **$12,836.72**

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest in. List any real estate in Part 1. |

**37. Do you own or have any legal or equitable interest in any business-related property?**
■ **No.** Go to Part 6.
☐ **Yes.** Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest in. If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
■ **No.** Go to Part 7.
☐ **Yes.** Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |

Debtor 1    **John M. Albano**

Debtor 2    **Grace M. Albano**                                      Case number *(if known)*  **17-18140**

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ..................................    **$0.00**

| Part 8: | List the Totals of Each Part of this Form |
|---------|-------------------------------------------|

55. **Part 1: Total real estate, line 2** ...................................................................................................................    **$0.00**

56. **Part 2: Total vehicles, line 5**                                        $24,900.00

57. **Part 3: Total personal and household items, line 15**                  $9,300.00

58. **Part 4: Total financial assets, line 36**                             $12,836.72

59. **Part 5: Total business-related property, line 45**                         $0.00

60. **Part 6: Total farm- and fishing-related property, line 52**                $0.00

61. **Part 7: Total other property not listed, line 54**              +          $0.00

62. **Total personal property.** Add lines 56 through 61...                 $47,036.72    Copy personal property total    $47,036.72

63. **Total of all property on Schedule A/B.** Add line 55 + line 62                                                        $47,036.72

Debtor 1          **John M. Albano**

Debtor 2          **Grace M. Albano**
(Spouse, if filing)

United States Bankruptcy Court for the:  **DISTRICT OF NEW JERSEY**

Case number      **17-18140**
(if known)

Check if this is:

☒ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                            12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Employment

| 1. Fill in your employment information. | | | |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers.<br><br>Include part-time, seasonal, or self-employed work.<br><br>Occupation may include student or homemaker, if it applies. | Employment status | ☒ Employed<br>☐ Not employed | ☐ Employed<br>☒ Not employed |
| | Occupation | **Graphic artist** | |
| | Employer's name | **Graphic Visions Group, Inc.** | |
| | Employer's address | **500 8th Ave**<br>**New York, NY 10018** | |
| | How long employed there? | **17 years** | |

### Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $  66,666.34 | $  0.00 |
| 3. | Estimate and list monthly overtime pay. | +$  0.00 | +$  0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | $  66,666.34 | $  0.00 |

Debtor 1   John M. Albano
Debtor 2   Grace M. Albano_____          Case number (if known)   17-18140

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| 4. | Copy line 4 here | 4. | $   66,666.34 | $   0.00 | |

5. **List all payroll deductions:**

| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $   27,533.48 | $   0.00 |
|---|---|---|---|---|
| 5b. | Mandatory contributions for retirement plans | 5b. | $   0.00 | $   0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $   0.00 | $   0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $   0.00 | $   0.00 |
| 5e. | Insurance | 5e. | $   0.00 | $   0.00 |
| 5f. | Domestic support obligations | 5f. | $   0.00 | $   0.00 |
| 5g. | Union dues | 5g. | $   0.00 | $   0.00 |
| 5h. | Other deductions. Specify: | 5h.+ | $   0.00 + | $   0.00 |

6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.   $   27,533.48    $   0.00

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.    7.   $   39,132.86    $   0.00

8. **List all other income regularly received:**

| 8a. | Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $   0.00 | $   0.00 |
|---|---|---|---|---|
| 8b. | Interest and dividends | 8b. | $   0.00 | $   0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $   0.00 | $   0.00 |
| 8d. | Unemployment compensation | 8d. | $   0.00 | $   0.00 |
| 8e. | Social Security | 8e. | $   0.00 | $   0.00 |
| 8f. | Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $   0.00 | $   0.00 |
| 8g. | Pension or retirement income | 8g. | $   0.00 | $   0.00 |
| 8h. | Other monthly income. Specify:   Expense reimbursements from employer | 8h.+ | $   2,500.00 + | $   0.00 |

9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.   $   2,500.00    $   0.00

10. Calculate monthly income. Add line 7 + line 9.    10.   $   41,632.86   +   $   0.00   =   $   41,632.86
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. State all other regular contributions to the expenses that you list in *Schedule J*.
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____    11.  +$   0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies    12.   $   41,632.86

Combined
monthly income

13. Do you expect an increase or decrease within the year after you file this form?
☒   No.
☐   Yes. Explain: [                                                                    ]

| | |
|---|---|
| Debtor 1 | John M. Albano |
| Debtor 2 (Spouse, if filing) | Grace M. Albano |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (if known) | 17-18140 |

Check if this is:
- ☒ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?
   - ☐ No. Go to line 2.
   - ☒ Yes. Does Debtor 2 live in a separate household?
     - ☒ No
     - ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?  ☐ No

| Do not list Debtor 1 and Debtor 2. Do not state the dependents names. | ☒ Yes. Fill out this information for each dependent........... | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|
| | | Daughter | 19 | ☐ No  ☒ Yes |
| | | Son | 25 | ☐ No  ☒ Yes |
| | | Daughter | 27 | ☐ No  ☒ Yes |
| | | | | ☐ No  ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?   ☒ No   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I)

| | | |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 3,200.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. $ | 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ | 42.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ | 100.00 |
| 4d. Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

| Debtor 1 | John M. Albano | | | | |
|---|---|---|---|---|---|
| Debtor 2 | Grace M. Albano | | Case number (if known) | 17-18140 | |

| | | | | | |
|---|---|---|---|---|---|
| 6. | Utilities: | | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ | 800.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ | 38.00 |
| | 6c. | Telephone, cell phone, internet, satellite, and cable services | 6c. | $ | 915.00 |
| | 6d. | Other. Specify: | 6d. | $ | 0.00 |
| 7. | Food and housekeeping supplies | | 7. | $ | 2,500.00 |
| 8. | Childcare and children's education costs | | 8. | $ | 2,500.00 |
| 9. | Clothing, laundry, and dry cleaning | | 9. | $ | 250.00 |
| 10. | Personal care products and services | | 10. | $ | 400.00 |
| 11. | Medical and dental expenses | | 11. | $ | 1,250.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ | 610.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | | 13. | $ | 800.00 |
| 14. | Charitable contributions and religious donations | | 14. | $ | 150.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | |
| | 15a. | Life insurance | 15a. | $ | 0.00 |
| | 15b. | Health insurance | 15b. | $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ | 585.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ | 0.00 |
| 17. | Installment or lease payments: | | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ | 559.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. | Other. Specify: | 17c. | $ | 0.00 |
| | 17d. | Other. Specify: | 17d. | $ | 0.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | | 18. | $ | 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify:  Life Insurance for mother | | 19. | $ | 120.00 |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | | | | |
| | 20a. | Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. | Real estate taxes | 20b. | $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | Other. Specify: | | 21. | +$ | 0.00 |
| 22. | Calculate your monthly expenses | | | | |
| | 22a. | Add lines 4 through 21. | | $ | 14,819.00 |
| | 22b. | Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. | Add line 22a and 22b. The result is your monthly expenses. | | $ | 14,819.00 |
| 23. | Calculate your monthly net income. | | | | |
| | 23a. | Copy line 12 (your combined monthly income) from Schedule I. | 23a. | $ | 41,632.86 |
| | 23b. | Copy your monthly expenses from line 22c above. | 23b. | –$ | 14,819.00 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. | $ | 26,813.86 |

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes.    Explain here: