UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Ira R. Deiches, Esquire (NJ ID #013941976)
**DEICHES & FERSCHMANN**
25 Wilkins Avenue
Haddonfield, NJ 08033
(856) 428-9696
ideiches@deicheslaw.com
Attorneys for Debtors

In Re:

JOHN M. ALBANO and GRACE M. ALBANO,

Debtors.

Case No. 17-18140

Hon. Christine M. Gravelle, U.S.B.J.

Chapter 11

Hearing Date: November 7, 2017
2:00 p.m.

## CERTIFICATION OF JOHN M. ALBANO IN SUPPORT OF INDIVIDUAL DEBTORS' COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

TO: THE HONORABLE CHRISTINE M. GRAVELLE, U. S. Bankruptcy Judge:

JOHN M. ALBANO, of full age, hereby certifies that:

1. Along with my wife, Grace M. Albano, we are the Debtors and Debtors-in-Possession in the above captioned case, and I make this Certification in support of the confirmation of our Plan of Reorganization (the "Plan"), filed with our Combined Plan of Reorganization and Disclosure Statement on September 29, 2017, as supplemented.

2. I am familiar with the contents of the Plan and assisted in its formulation.

3. The Plan designates Classes of claims as follows:

    Class 1A:    Ally Financial ("Ally"), the holder of a lien on my 2014 Jeep Wrangler, with an allowed secured claim of $14,681.24, but reduced by post-Petition payments made in accordance with contract terms;

    Class 1B:    Internal Revenue Service ("IRS"), the holder of a lien on Debtors' assets, with an allowed secured claim of $577,731.93;

    Class 2:    General unsecured creditors.

4. The Plan specifies Classes of claims that are not impaired. Under the Plan, all Classes are impaired.

5. The Plan specifies the treatment for the impaired Classes, Classes 1A, 1B, and 2:

    a. Class 1A: Ally shall retain its lien on my financed vehicle and shall continue to receive monthly payments in the ordinary course, according to contractual terms, in satisfaction of Ally's secured claim, until fully paid.

    b. Class 1B: IRS shall retain its lien on Debtors' assets and shall receive distribution of consecutive quarterly payments over a period of forty-eight (48) months, in satisfaction of IRS's secured claim, with applicable interest, until fully paid.

    c. Class 2: Members of Class 2, general unsecured claims, will receive pro rata distributions from consecutive quarterly payments over a period of forty-eight (48) months in satisfaction of their claims, with no interest, until fully paid.

6. The Plan provides the same treatment for each claim of each Class.

7. The Plan provides adequate means for the Plan's implementation through my projected continuation of income from my current employment, to the extent necessary to provide for the execution of the Plan.

8. Nothing contained in the Plan is inconsistent with any agreement binding us.

9. The Plan contemplates that we will continue to maintain control over our assets and affairs.

10. I believe that the foregoing demonstrates that the Plan satisfies the requirements of Section 1123 of the Bankruptcy Code, as those requirements have been explained to me.

11. As Plan Proponents, we believe that the Plan was filed in good faith and in a good faith belief that it complies with all applicable provisions of 11 U.S.C. §1129(a)(1).

12. As Plan Proponents, we have not violated any provision of the Bankruptcy Code in the negotiation and solicitation of acceptances of the Plan, as we did not solicit acceptances until our Disclosure Statement was conditionally approved by this Court's Order entered October 2, 2017, in accordance with 11 U.S.C. §1129(a)(2).

13. As Plan Proponents, we proposed the Plan in good faith and not by any means forbidden by law, in accordance with 11 U.S.C. §1129(a)(3).

14. Any administrative claims, other than those allowed by law, including professional fees, will only be paid after Court approval, in accordance with 11 U.S.C. §1129(a)(4). We have

made no payment to any party rendering services in connection with this case other than as provided by the Bankruptcy Court.

15. The continuation of our management of our assets and affairs is in the best interests of our creditors.

16. There are no governmental regulatory commissions with jurisdiction over any rates or charges of Debtors or our activities, and no governmental licensures or approvals that are required for the Plan to be effective and substantially consummated.

17. With respect to the impaired Classes of claims under the Plan, each impaired Class has accepted the treatment proposed by the Plan and has cast accepting ballots, as evidenced by our Certification of Balloting filed with the Bankruptcy Court on November 1, 2017, in accordance with 11 U.S.C. §1129(a)(7).

18. We, as Plan Proponents, are satisfied that each holder of a claim in each impaired Class will receive value not less than the value each would receive if we were liquidated under Chapter 7 of the Bankruptcy Code.

19. I have reviewed the liquidation analysis contained in the Disclosure Statement accompanying the Plan and am satisfied the liquidation analysis in that Disclosure Statement reflects favorably our expectations of such a liquidation.

20. Each Class of claims has accepted the Plan:

   a. Class 1A, Ally, is impaired and has voted to accept the Plan;

   b. Class 1B, IRS, is impaired and has voted to accept the Plan;

   c. Class 2, our general unsecured creditors, is impaired and has voted to accept the Plan, with one hundred (100%) percent of the votes received in favor of confirmation.

21. The Plan provides for payment in full of all priority claims, in accordance with 11 U.S.C. §1129(a)(9).

22. As noted, the Plan has been accepted by an impaired Class.

23. Each Class of claims has accepted the Plan or is not impaired under the Plan, in accordance with 11 U.S.C. §1129(a)(8).

24. At least one (1) Class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, in accordance with 11 U.S.C. §1129(a)(10).

25. I believe that the Plan is feasible and can be sustained and consummated through my projected income and the management of our household expenses, so that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization, in accordance with 11 U.S.C. §1129(a)(11).

26. All fees payable to the United States Trustee have been paid, in accordance with 11 U.S.C. §1129(a)(12).

27. I am aware that this Court must be satisfied that we will be more likely than not able to perform our promises to creditors made in the Plan.

28. We are current in all of our ordinary operating expenses and administrative expenses associated with this case.

29. As reflected in the Supplement to the Plan, I believe the projected revenue levels filed in support of our Combined Plan of Reorganization and Disclosure Statement can be easily obtained.

30. At the same time, and as a result of our household management adjustments, I am confident that we will be able to continue to meet our budget requirements and generate sufficient cash to fund the repayment obligations under the Plan.

31. The "bottom line" is simply that we have been able to realize the benefit of the reorganization opportunity of this Chapter 11 case and, with the overwhelming creditor support evidenced by the accepting ballots received, I am confident that we will be able to continue to manage our affairs economically and responsibly while giving our creditors the benefit of the bargain made by their acceptance of the Plan if the Plan is confirmed.

32. We therefore request confirmation of the Plan under 11 U.S.C. §1129(a).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 1, 2017

_____
JOHN M. ALBANO